IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL ERIC COLLIER, | | |
| | Petitioner, | No. CIV S-09-0656 DAD P |
| vs. | | |
| WARDEN OF SALINAS VALLEY STATE PRISON, | | <u>ORDER AND</u> |
| | | <u>FINDINGS AND RECOMMENDATIONS</u> |
| | Respondent. | |
| _____/ | | |

      Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition before this court petitioner challenges a six-year prison sentence imposed pursuant to a judgment of conviction entered on January 8, 2008, in the Solano County Superior Court. Petitioner claims that his sentence violated his November 6, 2006, plea agreement pursuant to which he pled no contest to second degree burglary and admitted four prior prison terms. In addition, petitioner contends that while his sentence reflected a waiver on his part of certain time credits acquired in 2007, he did not actually waive these time credits in his plea agreement. Finally, petitioner claims that his defense counsel rendered ineffective assistance by failing to assure that the sentencing judge who accepted the plea agreement was present at petitioner's re-sentencing in January 2008.

Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

BACKGROUND

I. Plea Agreement and Sentence

Petitioner was apparently charged with multiple criminal counts in connection with the August 2006 burglary of a Safeway. (Notice of Lodged Exhibits filed Jan. 13, 2010 (Doc. No. 14), Exs. A, B, E at 4.)[1] On November 6, 2006, petitioner pled no contest in Solano County Superior Court to second degree commercial burglary in violation of California Penal Code § 459.[2] He also admitted to having served four prior prison terms within the meaning of § 667.5, subd. (b). (Resp't's Lod. Exs. A, B.) In exchange for petitioner's no contest plea, the prosecutor dismissed one count of robbery and one count of petty theft with a prior conviction. (Resp't's Lod. Ex. E at 6.)

In his waiver of rights in support of the no contest plea, petitioner initialed a statement reading: "The maximum punishment which the court may impose based upon this plea is 3 yrs. SP [state prison]   4 yrs. = [defendant] admits 4 prison priors = 7 yrs." (Resp't's Lod. Ex. B at 2.) The waiver also provided that, if petitioner was found eligible for a residential drug treatment program, he would be placed on probation and the seven-year sentence suspended. (Id.) If the defendant were not found eligible for residential drug treatment, the waiver of rights form provided that he would receive a sentence of four years in state prison. (Id.)

A change of plea hearing was held on November 6, 2006 in the Solano County Superior Court before the Hon. Robert Bowers. (Resp't's Lod. Ex. E.) In the course of

---

[1] On September 17, 2009, the court ordered respondent to respond to the amended petition and lodge all transcripts and documents relevant to the issues presented. (Doc. No. 8.) Respondent's lodging of exhibits is incomplete. For instance, it does not include the charging document reflecting all state charges brought against petitioner. Although the court has determined the record is adequate to allow for resolution of the petition without supplementing of the record, counsel is forewarned that the court expects the lodging of a more complete record.

[2] All statutory references herein are to the California Penal Code unless otherwise noted.

2

1  reviewing the terms of the plea agreement, Judge Bowers stated:

> We'll refer it to probation to assess you for residential treatment.  If you are found eligible, you'll be placed on probation with seven years hanging over your head, which is the seven-year max we talked about.  If you are not eligible for probation, for some unknown reason that I'm not aware of, then you would receive the four-year sentence at half time.

(Id. at 6.)  Petitioner replied that he understood, and Judge Bowers subsequently accepted the plea agreement.  (Id.)

On January 23, 2007, the parties again appeared before Solano County Superior Court Judge Robert Bowers for a sentencing hearing.  (Resp't's Lod. Ex. F.)  The court noted at that time that the probation department had found petitioner eligible for a residential drug treatment program called Genesis House.  (Id. at 4-5.)  However, the court also noted that in light of petitioner's criminal history and four disciplinary write-ups he had received while in county jail, the probation department was recommending that he be sentenced to "serve s seven years in the Department of Corrections."  (Id. at 8.)  After hearing from counsel regarding sentencing, Judge Bowers engaged in the following exchange with defense counsel:

> THE COURT: [T]hese are not good factors, but who's to say that Mr. Collier won't get out of a program and succeed? . . . [I]n light of what's there, if he waives all of his credits, I'll send him to a [residential drug treatment] program."
>
> [PETITIONER'S ATTORNEY]: [Confers with petitioner.]  Your Honor, Mr. Collier wants the Court to know that he is very, very much serious about treatment, and he is willing to waive his credits.
>
> THE COURT: Okay.  Waive all his credits.

(Id. at 8-9.)

The court then sentenced petitioner to a three year term of formal probation with the condition that he serve one year in the county jail, with credit for time served of, effectively, 279 days.  (Id. at 13.  See also Resp't's Lod. Ex. C.)  At the time of sentencing the court stated that petitioner would be released to the residential treatment program as a condition of his

3

probation upon completion of his county jail sentence. (Resp't's Lod. Ex. F at 11, 13.) The court further stated that petitioner was to remain in the residential treatment program "till [sic] released by the director upon satisfactory completion." (Id. at 11.)

In light of petitioner's lengthy criminal record, the superior court deemed his a "zero tolerance" case with respect to any violation of probation, such that if petitioner failed to comply with the terms and conditions of his probation, he would be sentenced to state prison. (Id. at 10; see Resp't's Ex. G at 4.) At the sentencing hearing, petitioner's prior criminal record was described as follows:

> [PROSECUTOR]: In a lot of counties, he would have been a three-striker. He had a 211 out of L.A., which he did 15 years for. His record is atrocious . . . . It should be a zero tolerance case right now.
>
> THE COURT: It will be . . . .[A]nd yes, this was . . . charged as a robbery, and had he gone to trial on the 211 with a strike, I think, prison prior, what did you all charge?
>
> [PROSECUTOR]: Serious on serious.
>
> THE COURT: Serious on serious, one, two, three, five year serious on serious, consecutive priors, so if he had gone to trial and it had not gone his way, he'd be looking at being in prison for the rest of his life. But we reached an agreement. It's a seven-year maximum, which is good. He has a chance to do probation; that's good. You are going to get a chance.

(Id. at 10.)

As to waiver of time credits, at sentencing the court ordered that petitioner would be entitled to those credits previously earned during his 153 days in custody at the county jail between August 2006 and January 2007. (Id. at 11.) Regarding future time credits, the court stated: "He'll remain in custody till [sic] placed in the program . . . . He'll waive all of his credits, pre-sentence time in the program, good-time, work-time credits." (Id. at 11.) At the conclusion of the sentencing hearing, petitioner's counsel inquired of the court as follows: "So he'll be waiving a year once his year is complete?" The superior court replied: "All; [sic] he's waiving all of his credits, and only in the event of a probation violation. Obviously, if he goes to

4

the program, does well, completes his probation, not an issue, right?" (Id. at 14.)

II. Sentencing Hearing on Probation Violation

After being placed on three years formal probation on January 23, 2007, and following his admission into the residential drug treatment program as a condition thereof, petitioner was found to have violated the terms and conditions of his probation. (Resp't's Ex. G at 5.)[3] On January 8, 2008, a sentencing hearing on the probation violation was held in the Solano County Superior Court before the Hon. Richard Bennett. At that time the prosecutor advised the court that petitioner had "failed out" of the residential treatment program imposed as a condition of his probation. Specifically, the deputy district attorney advised the court that petitioner had "absconded" from the treatment program, didn't turn himself in for "four or five months," and was eventually "picked up on a warrant" and returned to the Solano County Jail. (Resp't's Ex. G at 4, 8-9.) Noting petitioner's "long history of violent crimes" and that the fact that Judge Bowers had labeled his a zero tolerance case with respect to adhering to the terms of his probation in initially sentencing him, the prosecutor requested the court to sentence petitioner to seven years in state prison, as earlier recommended by probation department. (Id. at 4-5.)

Urging that a lesser sentence be imposed, petitioner's attorney argued:

> I would ask that the Court consider the following: When Mr. Collier accepted the program and probation with Judge Bowers, he waived a lot of credits. At that time, he waived his present credits, which were 209 credits, and also, future credits in the program, which ended up being about 30 days, and I would ask the Court consider giving him the mid term of two years, and perhaps running either the four years concurrent or two of the four years concurrent for a total of four years, given the fact that he has waived a significant amount of credits in the past.

(Id. at 8.)

The court then revoked petitioner's probation and sentenced him to an aggregate state prison term of six years, explaining as follows:

---

[3] See fn.1, supra.

5

>THE COURT: [T]his Court will terminate probation, order you confined to the California Department of Corrections for the principle term of, the Court chooses the midterm of two years. In regards to the four prison priors, those will be ordered consecutive, one to the other and to the principle term, for an aggregate term of six years.
>. . .
>
>[PETITIONER]: How much time we talking about?
>
>[PETITIONER'S ATTORNEY]: Six years.
>
>THE COURT: It's the aggregate time is a six-year period of confinement.
>
>[PETITIONER]: Six years? So, I mean, . . . I don't get no credits?
>
>THE COURT: That's correct, sir. I made accommodations for that by reducing the term.
>
>[PETITIONER'S ATTORNEY]: Your Honor, he does have credits since coming back to Solano County.
>
>THE COURT: That's correct . . . . The Court will note that there are time credits due in this case. I mentioned, when you asked about time credits, the ones that you waived before, are not – cannot be reinstated, but I am recognizing time credits that are here.

(Id. at 9-11.)

Under the sentence imposed by the court following the revocation of petitioner's probation, petitioner was given time credits for the 124 days he received after he was arrested on the probation violation. (Id. at 10, 12.)

III. Appeal

On August 8, 2008, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court. (Traverse at 24.[4]) In that petition, he claimed "that this Court violated his plea bargain by sentencing him to high term. He wants the Court to modify his

---

[4] The incomplete record lodged by respondent requires the court to refer to exhibits attached to petitioner's traverse. References are to page numbers reflected in the court's CM/ECF filing system.

6

credit for time served award by giving him credit he waived to receive probation because the Court violated his plea bargain." (Id.) In a reasoned opinion dated October 1, 2008, the Solano County Superior Court denied habeas relief, stating that "petitioner has failed to state a prima facie case for relief on any of his claims. [Citation.] Petitioner has not shown that the Court violated his plea bargain. In fact, the Court sentenced him to one year less than Petitioner agreed to in his plea form." (Id. at 24-25.)

On February 2, 2009, petitioner filed a habeas petition in the California Supreme Court alleging the same claims as set forth in the instant petition.[5] (Id. at 8-14.) The California Supreme Court summarily denied that petition on February 18, 2009. (Answer at 1; see also Original Petition (Doc. No. 1) at 20 (attaching summary denial).)

Petitioner filed his original petition for federal habeas corpus relief on February 27, 2009. On August 18, 2009, this court dismissed the petition with leave to amend due to petitioner's failure to name a proper respondent. Petitioner filed an amended petition on September 11, 2009. On January 13, 2010, respondent filed an answer. Petitioner filed his traverse on April 8, 2010.

## ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas

---

[5] According to respondent, petitioner also filed a habeas petition in the California Court of Appeal for the First Appellate District on November 6, 2008, which was denied on November 13, 2008. (Answer at 1.)

corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Title 28 U.S.C. § 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 513 F.3d 1002, 1013 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court

reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. Petitioner's Claims

      A.  Violation of Plea Bargain

          Petitioner claims that his six-year sentence violated the plea agreement he entered into on November 6, 2006.  Petitioner sets forth his argument in support of this claim most thoroughly in his habeas petition filed with the California Supreme Court, incorporated by reference in his traverse, as follows:

> On or about March 15, 2007 the Honorable Judge Mr. Robert S. Bowers made the following statement during a plea bargain agreement in brief:  "Mr. Collier why do you want to go to a drug program when your time is almost up?"
>
> "Because the reason for my case was due to my drug problem.  I've been free from incarceration for over six . . . years until my recent drug problem," defendant answered.
>
> "Well, I have no intention on giving you anywhere near the high term of seven (7) years, even if you lost in trial, but I'd rather send you to a drug program than let you go home soon and burglarize another Safeway for baby formula."
>
> On about April 18, 2008 a substitute judge was not aware of the deal, and not expecting the high term before sentencing me, under which stipulations that I signed the agreement.

(Traverse at 10.  See id. at 3.)

          Essentially, petitioner is arguing that his plea agreement incorporated a "deal" between himself and Solano County Superior Court Judge Robert Bowers that petitioner would not be sentenced to "anywhere near" the maximum seven-year state prison term, whether or not

9

he successfully completed the drug treatment program that was imposed as a condition of his probation. Petitioner argues that Solano County Superior Court Judge Richard Bennett, who sentenced him after petitioner absconded from the program and had his probation revoked, was not aware of this arrangement and that the six-year sentence he imposed following the revocation of probation therefore violated petitioner's plea agreement.

Plea agreements are contractual in nature and are construed using the ordinary rules of contract interpretation. United States v. Transfiguracion, 442 F.3d 1222, 1228 (9th Cir. 2006); Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006) ("In California, '[a] negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles' and 'according to the same rules as other contracts.'") (en banc); Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003). Courts will enforce the literal terms of the plea agreement but must construe any ambiguities against the government. Buckley, 441 F.3d at 695; United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971).

As the Ninth Circuit has recognized in examining plea agreements on federal habeas review:

> In California, "[a]ll contracts, whether public or private, are to be interpreted by the same rules . . . ." Cal. Civ. Code § 1635; see also Shelton, 37 Cal.4th at 766-67, 37 Cal. Rptr. 3d 354, 125 P.3d 290; Toscano, 124 Cal.App.4th at 344, 20 Cal. Rptr.3d 923. A court must first look to the plain meaning of the agreement's language. Cal. Civ. Code §§ 1638, 1644. If the language in the contract is ambiguous, "it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." Cal. Civ. Code § 1649. The inquiry considers not the subjective belief of the promisor but, rather, the "objectively reasonable" expectation of the promisee. Bank of the West v. Superior Court, 2 Cal.4th 1254, 1265, 10 Cal. Rptr.2d 538, 833 P.2d 545 (1992); Badie v. Bank of Am., 67 Cal.App.4th 779, 802 n. 9, 79 Cal. Rptr.2d 273 (1998) ("Although the intent of the parties determines the meaning of the contract, the relevant intent

10

>           is objective-that is, the objective intent as evidenced by the words
>           of the instrument, not a party's subjective intent." (internal
>           quotation marks and citation omitted)). Courts look to the
>           "objective manifestations of the parties' intent . . . ." Shelton, 37
>           Cal.4th at 767, 37 Cal. Rptr.3d 354, 125 P.3d 290. If after this
>           second inquiry the ambiguity remains, "the language of a contract
>           should be interpreted most strongly against the party who caused
>           the uncertainty to exist." Cal. Civ. Code § 1654; see also Toscano,
>           124 Cal.App.4th at 345, 20 Cal. Rptr.3d 923 ("ambiguities [in a
>           plea agreement] are construed in favor of the defendant").

Buckley, 441 F.3d at 695-96. See also United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.1992) ("Under California law, the intent of the parties determines the meaning of the contract. Cal. Civ. Code §§ 1636, 1638. The relevant intent is 'objective'- that is, the intent manifested in the agreement and by surrounding conduct-rather than the subjective beliefs of the parties."); Union Bank v. Winnebago Indus., 528 F.2d 95, 99 (9th Cir.1975) (holding that a "prior" understanding is "foreclosed because the subjective, unexpressed and uncommunicated thoughts of a party are irrelevant to the material issue of the parties' intent"). Of course, a petitioner's unilateral, subjective understanding, if inconsistent with its actual terms, does not change the terms of the plea agreement. See, e.g., United States v. Clark, 781 F.2d 730, 731-33 (9th Cir.1986) (holding that a plea agreement violation claim depends upon the actual terms of the agreement as determined by objective standards and not the subjective understanding of the defendant).

Here, the undersigned finds no factual basis for petitioner's claim that his plea agreement provided that he would not be sentenced to six or more years in state prison if he failed to complete the drug treatment program imposed as a condition of his probation. On the contrary, it was clearly from both the waiver of rights form and the discussion on the record at the change of plea that the parties and the court understood that the agreement was that petitioner could be sentenced to a maximum of seven years in state prison. (Resp't's Lod. Ex. B at 2.) Indeed, at the November 6, 2006 change of plea hearing, Judge Bowers specifically confirmed the terms of the plea agreement, stating: "We'll refer it to probation to assess you for residential

treatment.  If you are found eligible, you'll be placed on probation with seven years hanging over your head, which is the seven-year max we talked about." (Resp't's Lod. Ex. E at 6.)  Judge Bowers further stated that, due to petitioner's lengthy criminal history, this was a "zero tolerance" case, such that if petitioner violated the terms and conditions of probation, he would be sentenced to state prison for the maximum term of seven years under the plea agreement.  (Id. at 10.)  In sum, it was made abundantly clear to petitioner at the proceedings surrounding his entry of plea that if he accepted the bargain and was placed on probation but failed to complete the drug treatment program to be imposed, he faced a seven-year prison sentence.

Petitioner's claim that Judge Bowers told him, four months later, that he had "no intention" of sentencing petitioner to the maximum term, is not supported by the record before this court.  Because no transcript of a March 2007 hearing, referred to by petitioner, has been lodged by either party, this court expresses no opinion as to whether the exchange alleged by petitioner between himself and Judge Bowers took place.[6]  However, even assuming arguendo that Judge Bowers made the alleged statement to petitioner in March of 2007, it would have no bearing on the terms of the plea agreement that petitioner knowingly entered four months earlier.  Nothing that petitioner has alleged changes the fact that, the plea agreement he entered into (and of which he was fully informed) provided that if he failed out of the drug treatment program, thereby violating his probation, he faced a seven-year sentence in state prison.  No stray remark by the original sentencing judge in March 2007 could objectively be considered a binding term of a plea agreement entered into in November 2006 when petitioner changed his plea.

Having reviewed this claim as set forth in petitioner's state habeas petition, the Solano County Superior Court concluded: "Petitioner has not shown that the Court violated his

---

[6] The court notes that petitioner pled no contest pursuant to plea agreement on November 6, 2006.  He was sentenced in keeping with that plea agreement to formal probation with conditions on January 23, 2007.  Assuming petitioner appeared back in the Solano County Superior Court in March of 2007, almost two months after his sentencing, petitioner fails to explain how anything that was said at that time could alter the plea agreement he previously entered into and which was adopted by the court at the time of sentencing on January 23, 2007.

plea bargain. In fact, the Court sentenced him to one year less than Petitioner agreed to in his plea form." (Traverse at 24-25.) The undersigned finds that the state court's decision in this regard is not contrary to or an unreasonable application of federal law as set forth above, nor is it based on an unreasonable determination of the facts of this case. Accordingly, petitioner is not entitled to relief with respect to this claim.

B.  Waiver of Credits

Plaintiff claims that pursuant to the plea agreement he entered, he did not waive the time credits he accumulated between January 23, 2007, when he was originally sentenced, until June 2, 2007, when he absconded from the drug treatment program. (Amend. Pet. at 4; see also Traverse at 11.) The court will construe this argument advanced by petitioner as a second claim that his plea agreement was violated by the sentence ultimately imposed by the state court.

Like the first such claim, petitioner's argument has no factual basis in the record. At his sentencing hearing in January 2007, petitioner specifically agreed to waive all time credits accumulated after the hearing in exchange for the opportunity to enter a residential drug treatment program as a condition of a probationary sentence rather than be sentenced to the seven-year prison sentence being recommended by probation. (Resp't's Lod. Ex. F at 8-9.) At the conclusion of the sentencing hearing, Judge Bowers reiterated this point to petitioner and his counsel (id. at 11), leaving no confusion on the point that petitioner would not receive the benefit of any time credits accumulated over the next six months in the event he violated his probation by failing out of the drug treatment program..

At petitioner's second sentencing hearing on the probation violation in January 2008, Judge Bennett confirmed that petitioner had waived all of his time credits accruing after January 23, 2007. Nonetheless, Judge Bennett stated that he had "made accommodations for that by reducing the term" – i.e., by sentencing petitioner to an aggregate six-year term instead of the maximum seven years. (Resp't's Ex. G at 10.) Moreover, petitioner was given time credits for the 124 days he spent in the Solano County Jail after he was taken into custody on the probation

13

1  violation warrant. (Id.)

2  The Solano County Superior Court considered this claim in petitioner's application for state habeas relief filed with that court and concluded that it was meritless because petitioner did not state a prima facie case that his plea agreement was violated. (Traverse at 24.) This court finds that the Solano County Superior Court's decision in this regard was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Thus, petitioner's application for habeas relief on this basis should be denied.

C.  Ineffective Assistance

Petitioner's third claim is that his counsel rendered ineffective assistance by failing to ensure that Judge Bowers, who presided over petitioner's entry of plea and initial sentencing hearings in 2006 and early 2007, would preside at petitioner's sentencing hearing following his violation of probation in 2008 "to honor his plea bargain promise, which was critical to my sentencing." (Am. Pet. at 5.) By "plea bargain promise," petitioner is again referring to a statement allegedly made by Judge Bowers to petitioner at a March 2007 hearing which indicated that Judge Bowers did not intend to sentence petitioner to "anywhere near" the maximum term of seven years even if he had proceeded to trial and was convicted. (See Analysis at II(A), supra.)

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). To support a claim of ineffective assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. 466 U.S. at 687-88. After a petitioner identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

competent assistance. Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003). Second, a petitioner must establish that he was prejudiced by counsel's deficient performance. Strickland, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).

Petitioner's claim that his counsel was ineffective in failing to ensure that Judge Bowers presided over his sentencing following the revocation of probation satisfies neither prong of the ineffective assistance test. As respondent points out, petitioner's counsel had no professional duty – nor indeed, any ability – to "orchestrate a re-sentencing at which the original trial judge presided." (Mem. of P. & A, in Supp. of Answer at 8.) Moreover, as discussed above, because Judge Bennett imposed a sentence following the revocation of probation that was consistent with the terms of petitioner's plea agreement, petitioner was in no way prejudiced by the fact that the judge who accepted his plea was unavailable. Accordingly, petitioner's claim for habeas relief on this ground should also be denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign this case to a United States District Judge.

IT IS HEREBY RECOMMENDED that petitioner's amended application for a writ of habeas corpus (Docket. No. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 26, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
coll0656.hc